# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WALGREEN CO., | ) |
| Plaintiff, | ) Case No. 17-cv-2120 |
| v. | ) Judge Robert M. Dow, Jr. |
| PANASONIC HEALTHCARE CORPORATION OF NORTH AMERICA, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| COMM-WORKS, LLC, | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Panasonic has brought a third-party complaint against Comm-Works asserting that Comm-Works must indemnify it for any damages it may have to pay to Walgreens in the instant action and seeking: (1) contractual indemnification (Count I), (2) contribution (Count II), and (3) implied indemnification (Count III). Currently before the Court is Comm-Works' motion to dismiss [55] Count III pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court grants the motion [55] which it construes as a motion for judgment on the pleadings under Rule 12(c). Count III of the third-party complaint [43] is dismissed with prejudice. However, Panasonic may file a motion for reconsideration should later developments call into doubt the availability of contractual indemnification.

I.  Background[1]

On February 15, 2017, Walgreen Co. ("Walgreens") filed the instant action against Panasonic in the Circuit Court of Cook County asserting breach of contract and negligence. See generally [1-1]. Walgreens alleges that Panasonic breached the parties' contract by negligently installing monitoring equipment and then refusing to reimburse it for the damages caused by the equipment's malfunction. [*Id.*] After invoking this Court's diversity jurisdiction and removing the action from the Circuit Court of Cook County [1], Panasonic filed a third-party complaint against Comm-Works, LLC ("the third-party complaint") on August 7, 2018. [42; 43.] In broad terms, Panasonic asserts that because Comm-Works actually installed the system in question, Comm-Works must indemnify Panasonic for any damages it owes to Walgreens. See generally [43]. In light of that belief, the third-party complaint asserts three claims against Comm-Works: (1) contractual indemnification under the parties' contract (Count I), (2) contribution (Count II), and (3) implied indemnification (Count III). See generally [43]. On September 20, 2018, Comm-Works filed the instant motion [55] under Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of Count III of the third-party complaint. Importantly, Comm-Works simultaneously filed its answer to Counts I and II of the third-party complaint with its motion, which admitted that its contact with Panasonic contains a valid indemnification provision. [54, ¶¶ 30–33.]

II.  Standard

The Seventh Circuit has recognized that "'[a] motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded

---

[1] In resolving the motion under Rule 12(c), the Court assumes the truth of the well-pleaded factual allegations in Panasonic's pleadings, though not their legal conclusions, and draws all reasonable inferences in Panasonic's favor. See *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). The facts are set forth as favorably to Panasonic as those materials allow. See *Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014).

as one.'" *Saunders-El v. Rohde*, 778 F.3d 556, 559 (7th Cir. 2015) (quoting *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir. 1970). Thus, although Comm-Works has moved to dismiss Count III of the third-party complaint under Federal Rule of Civil Procedure 12(b)(6) [55], because the motion requires the Court to take into consideration the admissions in Comm-Works' answer and was filed with that answer, the Court construes the motion as a motion for judgment on the pleadings under Rule 12(c). See *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 n.6 (7th Cir. 2000) (noting that where a defendant has filed an answer and then moves to dismiss a claim, the motion is properly construed as motion under Rule 12(c)).

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); see also *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (same). "Accordingly, a court may grant a Rule 12(c) motion only where it is clear from the pleadings that the plaintiffs will be unable to maintain their cause of action in light of the facts presented." *Laverty v. Smith & Nephew, Inc.*, 197 F. Supp. 3d 1026, 1029 (N.D. Ill. 2016). "[I]f it appears that discovery is necessary to fairly resolve a claim on the merits, then the motion for judgment on the pleadings must be denied." *Federal Deposit Ins. Corp. v. FBOP Corp.*, 252 F. Supp. 3d 664, 672 (N.D. Ill. 2017).

III. **Analysis**

Comm-Works argues that the Court must dismiss Count III of the third-party complaint because a plaintiff may not pursue a claim for implied indemnity when the parties have admitted the existence of an applicable contract that contains an explicit indemnification clause. Because "state law provides the substantive law in a diversity action," *Maroules v. Jumbo, Inc.*, 452 F.3d

3

639, 645 (7th Cir. 2006), the Court must look to Illinois law.[2] In *Mizuho Corp. Bank (USA) v. Cory & Assocs., Inc.*, the Seventh Circuit—applying Illinois law—explained that "[i]mplied indemnity claims arise where the parties have failed to include an indemnity provision in an agreement, and there is reason for a court to read such a provision into the agreement." 341 F.3d 644, 652 (7th Cir. 2003). Consequently, as Judge St. Eve has explained, where a plaintiff pleads the existence of a contractual indemnity provision, the plaintiff may not also pursue an implied indemnity claim. *UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, 289 F. Supp. 3d 852, 862 (N.D. Ill. 2018) (dismissing an implied indemnity claim under Rule 12(b)(6) and collecting cases). Here, the argument against allowing the implied indemnity claim to proceed is even stronger than in *UIRC-GSA Holdings Inc.*, given Comm-Works' admission of a binding indemnification provision in its answer. [54, ¶ 33].

Panasonic's only response is that it should be allowed to plead the implied indemnity count in the alternative. See [60, at 2–6]. However, as just explained, where a defendant admits or a plaintiff's complaint alleges the availability of a contractual remedy, the plaintiff may not proceed with a quasi-contractual claim even in the alternative. See, e.g., *Miszczyszyn v. JPMorgan Chase Bank, N.A.*, 2019 WL 1254912, at *3–4 (N.D. Ill. Mar. 19, 2019) (dismissing unjust enrichment claim alleged in the alternative given plaintiff had alleged the existence of a contract in the same count). Consequently, the Court must grant Comm-Works' motion to dismiss Count III of the third-party complaint.[3]

---

[2] Given that the parties have not provided any guidance as to what law applies in this case, the Court applies Illinois law given the case was removed from Illinois state court and the parties have provided no reason to do otherwise.

[3] Because the Court concludes that Panasonic may not proceed on both a contractual and implied indemnification claim as a matter of law, it need not reach Comm-Works' argument that Panasonic has not properly alleged the preconditions for an implied indemnity claim.

## IV. Conclusion

For the reasons explained above, the Court grants Comm-Works' motion [55].  Count III of the third-party complaint [43] is dismissed with prejudice.  However, Panasonic may file a motion for reconsideration should future developments call into question the availability of contractual indemnification.

Dated:  May 22, 2019

Robert M. Dow, Jr.
United States District Judge