**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WALGREEN CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-02120 |
| v. | ) | |
| | ) | Honorable John F. Kness |
| PANASONIC HEALTHCARE CORPORATION OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMM-WORKS, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MOTION FOR ENTRY OF JUDGMENT FOR DAMAGES AGAINST THIRD-PARTY DEFENDANT COMM-WORKS, LLC**

Defendant/Third-Party Plaintiff Panasonic Healthcare Corporation of North America ("Panasonic"), in accordance with its joint proposal with Third-Party Defendant Comm-Works, LLC ("Comm-Works"), Dkt. 289, Jt. Status Rpt., at 2-3, this Court's minute entry adopting that proposal, Dkt. 291, and Panasonic and Comm-Works's subsequent joint statement of agreed briefing schedule, Dkt. 298, respectfully moves the Court for entry of judgment awarding Panasonic damages against Comm-Works for Comm-Works's previously adjudicated breach of its duty to defend. *See* Dkt. 190, SJ Order, at 25-29. The purpose of this motion is to establish "the amount of . . . damages resulting from th[at] breach of contract" to finally resolve Count I of Panasonic's third-party complaint. *See* Dkt. 282, Fee Mtn. Order, at 9; Dkt. 43, Third-Party Compl.

On the undisputed facts, Panasonic is entitled to damages against Comm-Works in the following amounts: (1) $3,526,172.33, representing Panasonic's commercially reasonable

attorneys' fees and nontaxable expenses, *see* Dkt. 282, Fee Mtn. Order, at 13,[1] subject to a setoff for any amounts actually collected from Plaintiff Walgreen Co. ("Walgreens") to satisfy the Court's fee award against Walgreens;[2] (2) $3,375,890.18 for prejudgment interest on the fee award since February 26, 2017; (3) $963.99 per day in additional prejudgment interest through the date of the Court's entry of judgment; and (4) post-judgment interest pursuant to 28 USC § 1961 until the judgment is satisfied.

## I. INTRODUCTION

After nearly a decade of litigation, Panasonic asks this Court to validate the basic contract principle that an indemnitor cannot breach its contractual duty to defend with impunity. Comm-Works and Panasonic were parties to a Master Terms and Conditions Agreement dated November 11, 2014 (the "MTCA") and governed by Minnesota law. *See* Stip. ¶¶ 1-4. This Court has twice held that Comm-Works breached its duty to defend under "the plain language" of the MTCA. *See* Dkt. 190, SJ Order, at 25-29; Dkt. 236, Mtn. for Recon. Order, at 5, fn.2.

Comm-Works now attempts to escape the consequence of its breach, arguing that because the Court has ruled Panasonic is entitled to recover its commercially reasonable fees and expenses from Walgreens, Panasonic has no damages against Comm-Works – and there can be no judgment against Comm-Works to support prejudgment interest. Comm-Works's position fails for myriad reasons, including that it wholly ignores that Panasonic has not been fully compensated, as Walgreens has yet to pay the fee award (or any portion of it). *See* Stip. ¶ 30. Comm-Works also

[1] Comm-Works participated in the fee motion briefing and L.R. 54.3 procedure and had the opportunity to (and did) object to Panasonic's fee request before the Court's resolution of the objections and factual determination of Panasonic's commercially reasonable fees and expenses. *See* Stip. ¶¶ 18-19.

[2] For purposes of this briefing, Panasonic acknowledges the Court's factual finding as to the commercially reasonable amount of its fees and expenses ($3,526,172.33), and the Court's direction that Panasonic first seek compensation of that amount from Walgreens, *see id.* at ¶¶ 18-20, 28, but reserves its right to appeal these findings after entry of final judgment.

handwaves any appellate risk, ignoring that, in the event Walgreens successfully appeals the Court's summary judgment ruling, Comm-Works would be liable for the *entirety* of the fee award – a premise this Court has implicitly recognized. *See* Dkt. 282, Fee Mtn. Order, at 9 ("[Comm-Works's] damages owed to Panasonic are necessarily dependent upon what Panasonic can collect from Walgreens. . . . Panasonic should first seek compensation from Walgreens because Panasonic's damages vis-à-vis Comm-Works are inextricably tied up with what it can collect from Walgreens."). The Court has inherent authority to fashion a contingent judgment that holds Comm-Works liable for the fees and expenses that Panasonic incurred because of Comm-Works's breach while still giving effect to its direction that Panasonic "*first* seek compensation from Walgreens[.]" *Id.* (emphasis added).

Panasonic also is entitled to prejudgment interest to compensate for the time value of those fees and expenses. *See* Minn. Stat. § 549.09(2). Without an award of prejudgment interest against Comm-Works, Panasonic would not be placed in the position it would have been in if Comm-Works had performed under the MTCA. *See Kellogg v. Woods*, 720 N.W.2d 845, 853 (Minn. Ct. App. 2006). Instead, the logical conclusion of Comm-Works's position would turn the indemnitor-indemnitee relationship and duty to defend on its head, incentivizing indemnitors to balk at their separate contractual duty to timely assume the defense of their indemnitees whenever another party also potentially may bear liability for the loss. This cannot be – and is not – the law in Minnesota.

## II. LAW AND ARGUMENT

Comm-Works's liability for breach has been adjudicated. *See* Stip. ¶¶ 16-17. The only remaining issue for the Court to resolve is the amount of damages to which Panasonic is entitled because of Comm-Works's breach. *Id.* at ¶ 14; Dkt. 282, Fee Mtn. Order, at 9. Panasonic and Comm-Works have agreed to streamlined briefing for that purpose "in lieu of a Rule 56 motion

for partial summary judgment or bench trial." *See* Dkt. 289, Jt. Status Rpt., at 2; Dkt. 291 (adopting proposal "[a]t the instance of the parties"); Dkt. 298, Jt. Statement.

Under Minnesota law, "[a]n indemnity agreement is a contract, which is to be construed according to the principles generally applied in the construction or interpretation of other contracts." *Buchwald v. Univ. of Minn.*, 573 N.W.2d 723, 726 (Minn. Ct. App. 1998). "Liability for breach of contract requires proof that damages resulted from or were caused by the breach." *Border State Bank of Greenbush v. Bagley Livestock Exch., Inc.*, 690 N.W.2d 326, 226 (Minn. Ct. App. 2004). "The appropriate measure for breach-of-contract damages is the amount that will place the nonbreaching party in the same position [it] would be in had the contract been performed." *Kellogg*, 720 N.W.2d at 853. Under that measure of damages, Panasonic is entitled to recoup both (1) its commercially reasonable fees and expenses incurred to provide for its own defense after Comm-Works declined to assume its defense, and (2) the time value of those fees and expenses.

**A. Panasonic's commercially reasonable attorneys' fees and nontaxable expenses incurred in providing for its own defense against the Walgreens Action were caused by Comm-Works's breach of the MTCA.**

Panasonic requests the Court award its commercially reasonable fees and expenses as an element of its third-party breach of contract claim against Comm-Works. The Court previously found that, procedurally, those fees and expenses could not be added to any judgment by the Court on Panasonic's fee motion (filed, at the direction of the Court, pursuant to Rule 54, Stip. ¶ 18). *See* Dkt. 282, Fee Mtn. Order, at 8-9. Instead, the Court found the fees and expenses could not be awarded against Comm-Works "at that time" and could be awarded, if at all, as "damages for breach of contract, which are an element of the claim." *Id.* at 8, 13. Those fees and expenses are "the subject matter" of Panasonic's third-party claim against Comm-Works for breach of the duty to defend and of the separate judgment Panasonic now seeks as a result of that breach. *See Kraus-*

*Anderson Const. Co. v. Transp. Ins. Co.*, 2011 WL 1364251, *13 (Minn. Ct. App. Apr. 12, 2011) (finding attorneys' fees "aris[ing] directly as a result of an insurer's breach of its duty to defend are recoverable as contract damages of that breach" and affirming award of prejudgment interest where fees therefore were "the subject matter of the lawsuit") (citing *Gaughan v. Gaughan*, 450 N.W.2d 338, 344 (Minn. Ct. App. 1990)).

The fee award represents common damages against both Walgreens and Comm-Works. The Court can address the risk of overcompensation via a contingent judgment that provides an offset for any amounts Panasonic ultimately collects from Walgreens, while still validating Panasonic's entitlement to fees and expenses (and prejudgment interest) against Comm-Works.

1. **The Court has inherent authority to issue a contingent judgment against Comm-Works for Panasonic's fees and expenses or, alternatively, to hold Walgreens and Comm-Works jointly and severally liable for those fees and expenses.**

The Court expressly stated only that Panasonic is entitled to recover from Walgreens *first*. *See* Stip. ¶ 28. The Court acknowledged that both Walgreens and Comm-Works have "potential liability to satisfy a single fee award for which Panasonic can collect only once." *Id.* at ¶ 23. Comm-Works therefore should be held *liable* for the fee award but simply may not have *to pay* any amounts Walgreens pays first.

This Court has inherent authority to fashion a final judgment in its discretion to avoid overcompensation and facilitate a single satisfaction, and that discretion includes the entry of a contingent judgment and/or stay of execution. *See, e.g.*, *Andrulonis v. U.S.*, 26 F.3d 1224 (2d Cir. 1994). In *Andrulonis*, the Second Circuit held that "[b]ecause the underlying right to contribution is necessarily conditioned upon the defendant's satisfaction of the primary judgment, the judgment entered upon a contribution claim should reflect this contingency." 26 F.3d at 1234. The court identified two acceptable forms: (1) a judgment entered against the third-party defendant with

execution stayed until the defendant/third-party plaintiff demonstrates that the contingency has been satisfied or (2) a judgment expressly conditioned upon the defendant/third-party plaintiff's satisfaction of the primary judgment. *See id.*; *see also Huey v. Sullivan*, 971 F.2d 1362, 1365 (8th Cir. 1992) (retention of jurisdiction to oversee execution of judgment does not prevent decision on merits from becoming final); *United Gas Corp. v. Guillroy*, 206 F.2d 49, 53 (5th Cir. 1953) ("The court may enter a conditional judgment[.]") (citation omitted).

The Court can enter a contingent judgment against Comm-Works for the amount of Panasonic's commercially reasonable fees and expenses, conditioned on Walgreens's failure to satisfy the fee award against it, whether due to a successful appeal of the summary judgment ruling or some inability to satisfy the judgment (*e.g.*, insolvency). The Court likewise can enter a judgment against Comm-Works for the fee award but stay execution of that judgment until Panasonic undertakes specified collection efforts against Walgreens. This would be consistent with both the Court's inherent authority and its prior finding that Panasonic should "*first* seek compensation from Walgreens[.]" Dkt. 282, Fee Mtn. Order, at 9 (emphasis added).

Alternatively, the Court could simply hold Comm-Works jointly and severally liable for the fee award. The Court previously declined to impose joint and several liability, which it found most appropriate where multiple defendants participated in a single wrong.[3] *See id.* at 7-8.

[3] Panasonic respectfully suggests that Comm-Works did participate with Walgreens in a single wrong. Walgreens filed the Walgreens Action, but Comm-Works knew before it was filed that it was meritless and nonetheless declined to defend Panasonic or cooperate with it by disclosing facts about Walgreens's negligence known to Comm-Works – all to protect its multimillion dollar per year "partnership" with Walgreens, needlessly prolonging the litigation and the time value loss for the cost of Panasonic's defense. *See* Dkt. 154, Comm-Works's Resp. to Panasonic's SOF, ¶¶ 41-53 (undisputed/undisputed as to content of exhibits); Dkt. 136, Panasonic's Memo. in Supp., at 3-8, 13-14. Among other things, before the filing of the Walgreens Action, Walgreens personnel disclosed to Comm-Works that "Walgreens' SOC had three different individuals ignore [] alarms from the site." *Id.* at ¶ 47. By cooperating with Walgreens in concealing that fact – which later formed the basis for this Court's summary judgment findings that Walgreens's conduct was the proximate cause of its own loss, Dkt. 190, SJ Order, at 12-15 – Comm-Works participated in a single wrong with Walgreens.

Panasonic respectfully urges the Court to revisit that interlocutory determination, as joint and several liability also is appropriate under the contractual concurrent breach doctrine. Under the contractual concurrent breach doctrine, "[w]hen two defendants independently breach separate contracts, and it is not reasonably possible to segregate the damages, the defendants are jointly and severally liable." *In re Emerald Casino, Inc.*, 867 F.3d 743, 765 (7th Cir. 2017) (internal quotation marks and citation omitted); *Lesmeister v. Dilly*, 330 N.W.2d 95, 102 (Minn. 1983) ("Where A and B owe contract duties to C under separate contracts, and each breaches independently, and it is not reasonably possible to make a division of the damage caused by the separate breaches closely related in point of time, the breaching parties, even though they acted independently, are jointly and severally liable.").

That reasoning applies here. Walgreens and Comm-Works are liable for Panasonic's fees and expenses under separate contracts, and the damages resulting from Comm-Works's breach of its duty to defend under the MTCA cannot be segregated from the prevailing party fees to which Panasonic is entitled from Walgreens under the HSA. As this Court has recognized, "each [Walgreens and Comm-Works] has potential liability to satisfy a single fee award which Panasonic can only collect once." Dkt. 282, Fee Mtn. Order, at 8. Joint and several liability holds both potentially liable parties accountable while ensuring Panasonic receives only one recovery.[4] It also protects Panasonic in the event Walgreens successfully appeals or becomes unable to pay.

[4] Comm-Works could, of course, seek a stay of execution until Panasonic has pursued reasonable efforts to collect from Walgreens to effectuate the Court's direction that Panasonic should "*first* seek compensation from Walgreens[.]" Dkt. 282, Fee Mtn. Order, at 9 (emphasis added).

**2. The fee award against Walgreens does not preclude holding Comm-Works liable for common damages resulting from its breach of the MTCA.**

"The law in Minnesota is well-settled that attorneys' fees and costs are recoverable when an insurer breaches its duty to defend." *Nelson v. Am. Home Assurance Co.*, 2011 WL 6151519, *5 (D. Minn. Dec. 12, 2011); *see also T.A. Schifsky & Sons, Inc. v. Bahr Const., LLC*, 773 N.W.2d 783, 789 (Minn. 2009) ("Fees incurred as a direct result of an insurer's breach of the contractual duty to defend are part of the damages owed by the breaching insurer.") (citations omitted); *Brown v. State Auto. & Cas. Underwriters*, 293 N.W.2d 822, 826 (Minn. 1980); Dkt. 190, SJ Order, at 29. That rule applies equally to non-insurer indemnitors. *See, e.g.*, *Northern Welding Co. v. Jordan*, 184 N.W. 39, 41 (Minn. 1921) ("Defendants were tendered the defense of this suit. They were under obligation to defend it, and they should be held liable for this reasonable expense of the defense."); *Koehnle v. M.W. Ettinger, Inc.*, 353 N.W.2d 612, 616 (Minn. Ct. App. 1984) ("[T]he right to indemnity . . . has been consistently held to include reasonable attorney's fees."); *O'Connell v. Jackson*, 140 N.W.2d 65, 69 (1966) ("[T]he party called upon to defend the action is entitled to be indemnified not only for any judgment obtained therein, but also for the reasonable value of attorney's fees incurred in defending the action, provided he . . . has notified the other of the action and has given him the opportunity to defend it.").[5]

Comm-Works attempts to skirt that established law by arguing that the Court has awarded fees and expenses against Walgreens and cannot award those same common damages in

[5] Comm-Works breached not just an obligation to "indemnify and hold [Panasonic] harmless against any liability, damage or expense (including costs and reasonable attorney's fees and expenses)[,]" *but a separate obligation to "assume the defense" of Panasonic*. *See* Stip. ¶ 3, **Ex. 1** (emphasis added). That separate obligation, like an insurer's duty to defend, involves not just reimbursing defense costs incurred as a function of Comm-Works's indemnity obligation, but selecting, hiring, and supervising counsel and assuming control of the defense as a function of Comm-Works's defense obligation. *See id.* Comm-Works's breach of the MTCA was not only in failing to pay or reimburse Panasonic's defense costs, but in breaching that core contractual obligation to timely undertake Panasonic's defense. *See* Dkt. 190, SJ Order, at 24-25.

adjudicating a separate claim against Comm-Works, because "a party who has been fully compensated from a collateral source has suffered no cognizable damages." *See* Dkt. 285, Comm-Works's Statement, at 1-2 (citing *Scheurer v. Shrewsbury*, 24 N.W.3d 670 (Minn. 2025)). The collateral source doctrine provides that "compensation received from a third party will not diminish recovery against a wrongdoer." *See Upsher-Smith Labs., Inc. v. Fifth Third Bank*, 2018 WL 11424200, *6 (D. Minn. Apr. 23, 2018). *Scheurer*, on which Comm-Works relies, applied a narrow, statutory exception to that doctrine that does not apply on the facts of this case. Even if it did, Panasonic would not be overcompensated by a contingent award of its fees and expenses against Comm-Works. *See id.* ("[T]he collateral source doctrine does apply to claims sounding in contract, particularly when the award would not provide overcompensation to the defendant.") (citations and internal quotation marks omitted).

In *Scheurer*, the plaintiffs were involved in a car accident, and the jury verdict was reduced by the amount of payments "actually and already received" from statutorily defined collateral sources applicable in personal injury cases. *See* Minn. Stat. § 548.251 (*e.g.*, health insurance payments). The Minnesota Legislature enacted section 548.251 in 1986 as an exception to the collateral source rule *in personal injury cases*. *Swanson v. Brewster*, 784 N.W.2d 264, 273–74 (Minn. 2010). Minnesota courts have been clear that statutory exception applies only to personal injury cases, *Duluth Steam Co-op. Ass'n v. Ringsred*, 519 N.W.2d 215, 217 (Minn. Ct. App. 1994), and "because the collateral source statute abrogates the common law, [the court] construe[s] the statute narrowly." *Graff v. Robert M. Swendra Agency, Inc.*, 800 N.W.2d 112, 120 (Minn. 2011).

This is not a personal injury case, and the statute in *Scheurer* is not applicable.[6] To the contrary, the collateral source rule is alive and well in Minnesota. *Hubbard Broad., Inc. v.*

---

[6] *Scheurer* is further distinguishable because the court considered payments from statutorily defined collateral sources *well before a verdict was entered*. The Minnesota Supreme Court specifically noted that

*Loescher*, 291 N.W.2d 216, 222 (Minn. 1980); *Upsher-Smith*, 2018 WL 11424200 at *6. Either a contingent judgment as described above or a judgment imposing joint and several liability for the amount of the fee award avoids Comm-Works's disingenuous argument that the Court allocated the fee award, such that there is no judgment *against Comm-Works* on which to award prejudgment interest. In short, Comm-Works does not get a free pass to avoid the consequences of its breach.

**B. Panasonic is entitled to prejudgment interest against Comm-Works.**

Prejudgment interest is a severable and distinct element of Panasonic's damages against Comm-Works, and Minnesota law unequivocally supports an award of prejudgment interest for breach of the duty to defend. *See, e.g.*, *Jostens, Inc. v. CNA Ins., Cont'l Cas. Co.*, 336 N.W.2d 544, 546 (Minn. 1983) (affirming entitlement to award of prejudgment interest on attorneys' fees for breach of duty to defend); *Kraus-Anderson*, 2011 WL 1364251, *13 (affirming award of prejudgment interest on fees that were "the subject matter of the lawsuit") (citing *Gaughan*, 450 N.W.2d at 344; *Vesta State Bank v. Indep. State Bank of Minn.*, 1996 WL 653967, *6–7 (Minn. Ct. App. Nov. 12, 1996) (reversing denial of prejudgment interest on attorneys' fees awarded as consequential damages); *Seaway Port Auth. of Duluth v. Midland Ins. Co.*, 430 N.W.2d 242, 252 (Minn. Ct. App. 1988) (affirming award of prejudgment interest on attorneys' fees that were part of judgment to compensate for insurers' breach of insurance policies); accord *St. Jude Medical, S.C., Inc. v. Biosense Webster, Inc.*, 2014 WL 6673664, *9–10 (D. Minn. Nov. 24, 2014).

---

money had been "actually and already received." *Scheurer*, 24 N.W.3d at 679 ("The purpose of providing preverdict interest is to compensate the plaintiff for the lost time-value of that money, and that purpose is not served if a plaintiff is awarded interest on money the plaintiff actually and already received."). Here, where Panasonic has not "actually and already received" payment from Walgreens before entry of a final judgment, the rationale for applying an exception to the collateral source doctrine does not exist, but the rationale for applying prejudgment interest – to compensate for the time value of money – clearly does.

Panasonic is entitled to a judgment that includes prejudgment interest as an element of its damages against Comm-Works, irrespective of any offset to which Comm-Works eventually may be entitled for the portion of the fee award ultimately collected from Walgreens. Comm-Works's true gambit is not to avoid a judgment for fees and expenses – as the Court can fashion a final judgment that requires Panasonic to satisfy that component of its damages against Walgreens first – but, rather, to avoid prejudgment interest. In its position statement submitted before the May 27, 2026 status hearing, Comm-Works for the first time argued (in a footnote) that under the Minnesota prejudgment interest statute, Panasonic's fee award against Walgreens cannot serve as the basis to calculate prejudgment interest owed by Comm-Works, because that statute "prohibit[s] [an] award of prejudgment interest on 'that portion of any verdict, award, or report which is founded upon interest, or costs, disbursements, attorney fees, or other similar items *added by the court*[.]'" Dkt. 285, Comm-Works's Statement, at 5, fn. 2 (citing Minn. Stat. § 549.09(b)(5)) (emphasis added). Comm-Works's newly articulated argument misconstrues the statute and Minnesota law.

**1. The Minnesota prejudgment interest statute applies and permits interest on the fee award.**

The Minnesota Court of Appeals has addressed – and flatly rejected – Comm-Works's very argument. *See Gaughan*, 450 N.W.2d at 344; *Seaway Port Authority of Duluth,* 430 N.W.2d at 252. *Seaway* is directly on point. 430 N.W.2d 242. That case involved a declaratory judgment action against three insurers to determine which was liable to pay the cost of defending lawsuits arising out of a bond default. *Id.* at 245. The insurers found liable for those defense costs argued the statute did not apply to the attorneys' fees incurred by the insured in defense of the bond claims. *Id.* The Minnesota court of appeals disagreed, stating:

> [The insurers] misconstrue the nature of the judgment in this case. It is clear that Minn. Stat. § 549.09, subd. 1(b)(6) applies only to costs and attorney fees *added* to a judgment by a court. *The judgment in this case is for compensatory damages for the insurers' breach of insurance policies. It is true that the judgment is intended to reimburse [the insured] for costs and attorney fees spent in connection with other actions. However, the costs and fees for which [the insured] is reimbursed have not been "added by the court" to this judgment, they are the subject matter of the judgment itself*. It was proper for the trial court to award prejudgment interest on the judgment.

*Id.* (first emphasis in original, second emphasis added). So too here. As in *Seaway*, an award of fees against Comm-Works (even if mitigated or offset by any amount recovered from Walgreens) is the subject matter of the judgment itself, not an amount added by the Court to the judgment. Panasonic is entitled to prejudgment interest against Comm-Works. *See* Minn. Stat. § 549.09.

**2. The collateral source doctrine applies, and any payments made for Panasonic's benefit have no bearing on the calculation of its damages against Comm-Works.**

Panasonic anticipates Comm-Works will argue that because Panasonic's insurer paid its counsel's fees, Panasonic was not "out-of-pocket" for the fees and Panasonic is not entitled to recover prejudgment interest as an element of its damages. That newest argument likewise fails.[7]

Courts applying Minnesota law have expressly held that the collateral source rule applies in this context and any payments made on behalf of Panasonic by its insurer have no bearing on the calculation of damages. *See Upsher-Smith Labs., Inc. v. Fifth Third Bank*, 2018 WL 11424200 (D. Minn. Apr. 23, 2018). In *Upsher-Smith*, the plaintiff was the victim of a fraudulent phishing scheme and was tricked into transferring approximately $50 million to bank accounts located in China and Slovakia. *Id.* at *1. Upon discovering the fraud, the plaintiff advised its bank, which was able to recover a portion of the transfers. *Id.* The plaintiff sued its bank for facilitating the fraudulent transactions, alleging the bank breached its contract with the plaintiff. *See id.* The bank

[7] Comm-Works did not argue that the collateral source doctrine foreclosed an award of fees in response to Panasonic's fee motion, and it affirmatively claimed to have a subrogated claim against Walgreens for all amounts Comm-Works was obliged to pay. *See* Dkt. 255, Comm-Works's Fee Mtn. Opp., at 3, 12.

sought to compel discovery from the plaintiff regarding the plaintiff's recovery under its crime insurance policy. *Id.* The plaintiff did not dispute it had recovered under its crime insurance policy. *Id.* at *5. However, it argued that the amount recovered was not relevant to the calculation of its damages, because the bank was "precluded from offsetting insurance payments against any damages awarded by operation of Minnesota's collateral source rule." *Id.*

The court agreed:

> [T]he amount recovered by Upsher-Smith under the crime insurance policy has no bearing on the computation of damages. Under Minnesota law, the "collateral source rule provides in general that compensation received from a third party will not diminish recovery against a wrongdoer." Although Minnesota courts "have been leery of invoking the collateral source rule in contract cases" because "contractual damages are compensatory" and "the collateral source rule is punitive," the collateral source doctrine does apply to claims sounding in contract, particularly when "the award would not provide overcompensation to the defendant." By statute, a limited exception to the collateral source rule allows damages in personal injury cases to be offset by related payments made from collateral sources such as insurers. Minn. Stat. § 548.251. However, this statutory exception applies only to personal injury cases, and "because the collateral source statute abrogates the common law, [the court] construe[s] the statute narrowly."
>
> Fifth Third has cited no legal or contractual basis suggesting to the Court that it would be entitled to an offset for any compensation Upsher-Smith may have received under its crime insurance policy. *Upsher-Smith's claims against Fifth Third sound in contract, and consequently are not covered by the limited statutory exception to the collateral source rule allowing personal injury damages to be offset by related payments from insurers*. In addition, Upsher-Smith would not be overcompensated if it were to prevail against Fifth Third because the insurer has a subrogation interest in any recovery Upsher-Smith may realize in this lawsuit. Therefore, *documents and communications pertaining to payments Upsher-Smith received from its insurer do not relate to any claims or defenses in this case, and they have no bearing on the calculation of damages, because Fifth Third may not offset insurance payments against amounts for which it may be found liable in the lawsuit*.

*Id.* at *6 (citations omitted) (emphasis added); *see also Hubbard Broad., Inc. v. Loescher*, 291 N.W.2d 216, 223 (Minn. 1980) (finding that "[t]o the extent that allowing recovery in this case would not overcompensate the defendant, the major criticisms of the collateral source rule are not

applicable" and remanding for assessment of damages that would not provide overcompensation to defendant) (citing *Collins v. Farmers Ins. Exch.*, 135 N.W.2d 503, 507 (Minn. 1965) ("[O]ur interpretation is consistent with the rule of damages *in either tort or contract* that permits recovery even though plaintiff may have been compensated for his loss by a third party.") (emphasis added)).

The same analysis applies here. Though Panasonic's insurer paid Panasonic's counsel's fees, that insurer has a subrogation interest in any recovery Panasonic realizes. *See* Panasonic's Statement of Disp. Facts, ¶ 11, Ex. 2. Panasonic therefore will not be overcompensated by any recovery from Comm-Works, and Comm-Works "may not offset [those] insurance payments against amounts for which it may be found liable[.]" *Upsher-Smith*, 2018 WL 11424200 at *6.

Moreover, Comm-Works's argument that Panasonic is not "out-of-pocket" for the cost of its defense is specious. Panasonic paid *more than $2.7 million* in increased premium after Walgreens filed the Walgreens Action to maintain its coverage and insurer-provided defense of the Walgreens Action. *See* Panasonic's Statement of Disp. Facts, ¶ 9. To secure its insurer's payment of those defense costs, Panasonic agreed contractually to subrogate its rights to pursue any action against either Comm-Works or Walgreens to recover the entirety of the fees and expenses incurred and paid by the insurer – including any prejudgment interest to compensate for the lost time value of that money. *See id.* at ¶ 11.

**3. Prejudgment interest is calculated from the date of tender.**

Prejudgment interest is "awarded to provide full compensation by converting time-of-demand damages into time-of-verdict damages. It is designed to compensate the plaintiff for the loss of the use of the money owed." *See, e.g.*, *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 921 (8th Cir. 2017). Under Minnesota law, prejudgment interest is an element of damages and is calculated from the date of tender. *Blehr v. Anderson*, 955 N.W.2d 613, 618 (Minn. Ct. App. 2021).

A tender does not require "a specific request for defense." *See Home Ins. Co. v. Nat'l Union Fire Ins. of Pittsburgh*, 658 N.W.2d 522, 531 (Minn. 2003). Rather, "once the [indemnitee] gives the [indemnitor] both notice of a claim and the opportunity to defend, the tender is complete." *See id.*; *see also Kraus-Anderson*, 2011 WL 1364251, *13 ("Once an insurer is given notice of the suit, it is responsible for defending the insured unless the insured *explicitly* refuses the insurer an opportunity to defend. . . . Even when the insured does not expressly request a defense, the insurer bears the burden to contact the insured to determine whether the insurer's assistance in the suit is required.") (citations and internal quotation marks omitted). In *Home*, the Minnesota Supreme Court "agree[d] with the supreme courts of Illinois, New Hampshire, and Wisconsin that sound public policy does not support a rule that requires [indemnitees] to expressly request a defense in order to trigger the duty to defend." 658 N.W.2d at 532. Instead, Minnesota's prejudgment interest statute provides that prejudgment interest on pecuniary damages such as a fee award "*shall be* computed . . . from the time of the commencement of the action or demand for arbitration, or the *time of a written notice of claim*, whichever occurs first." *Blehr*, 955 N.W.2d at 618.

Panasonic provided Comm-Works with notice of and an opportunity to defend Panasonic against the Walgreens Action on February 26, 2017. *See* Stip. ¶ 7, Ex. 2 (stating Panasonic sought to "enlist [Comm-Works's] cooperation in defending" the Walgreens Action). Comm-Works rejected that tender. *See id.* at ¶ 10. Prejudgment interest therefore runs from that date. *Blehr*, 955 N.W.2d at 618; *see also* Panasonic's Statement of Disp. Facts, ¶ 12, Ex. 1.

## III. CONCLUSION

Based on the foregoing, Panasonic respectfully requests entry of judgment against Comm-Works in the form stated at the outset of this Motion.

Respectfully submitted,

By: */s/ Cynthia M. Juedemann*

David W. Sobelman (admitted pro hac vice)
Joseph Guffey, IL ARDC #6192384
Cynthia M. Juedemann (admitted pro hac vice)
**HUSCH BLACKWELL LLP**
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri 63105
Telephone: 314.480.1500
david.sobelman@huschblackwell.com
joe.guffey@huschblackwell.com
cynthia.juedemann@huschblackwell.com

Jennifer L. Dlugosz, IL ARDC #6289378
Kayla Schmidt, IL ARDC # 6329688
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Telephone: 312.655.1500
jen.dlugosz@huschblackwell.com
kayla.schmidt@huschblackwell.com

*Attorneys for Defendant/Third-Party Plaintiff*
*Panasonic Healthcare Corporation of North America*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on this 29th day of September, 2026, via the Court's electronic filing system, which will send a copy to all counsel of record.

*/s/ Cynthia M. Juedemann*